# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 34 | **DATE** | 8/16/2002 |
| **CASE TITLE** | SCHAFFER etc vs. ILLINOIS FARMERS INSURANCE CO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, this court finds in equity and in good conscience that David Schaffer is an indispensable party to this complaint. Defendant's motion to add David Schaffer is granted and this case is dismissed with prejudice for non-joinder of a party. All previously set dates are stricken. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | 8-19-02 date docketed | |
| | Notified counsel by telephone. | | | 30 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/16/2002 date mailed notice | |
| JS | courtroom deputy's initials | 02 AUG 19 PM 7:45 Date/time received in central Clerk's Office | JS mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK SCHAFFER, as Independent )
Administrator of the Estate of )
SHARON FAYE VALENTINE )
)
Plaintiff, ) No. 02 C 034
)
v. )
) **DOCKETED**
ILLINOIS FARMERS INSURANCE )
COMPANY, ) **AUG 1 9 2002**
)
Defendant. )
)

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On January 2, 2002, plaintiff Mark Schaffer, independent administrator of the estate of Sharon Faye Valentine, filed a two-count complaint against defendant Illinois Farmers' Insurance Company. On July 9, 2002, defendant filed this motion to add David A. Schaffer ("Schaffer") as a necessary party pursuant to Federal Rule of Civil Procedure 19. For the following reasons, this court finds Schaffer to be an indispensable party. Joining Schaffer to this action, however, would deprive this court of subject-matter jurisdiction. Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(7), this case is dismissed for failure to join a party under Rule 19.

### PROCEDURAL BACKGROUND

The alleged failure of defendant to fulfill its contractual obligations under an insurance policy is at the center of this controversy. Count I of the complaint properly alleges a claim for breach of

1

30

an insurance contract in an amount in excess of $75,000. Count II of the complaint asks for attorney fees and other taxable costs under section 155 of the Illinois Insurance Code. On July 9, 2002, defendant filed a motion to dismiss the complaint for lack of diversity jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

In the motion to dismiss, defendant argued that this court lacked diversity jurisdiction because Schaffer, Sharon Valentine's son and a resident of Illinois, should be a party to this suit as the true and real party in interest. Defendant argued that Schaffer is the real party in interest because he occupied the insured residence 12979 Whipple Road, Sycamore, Illinois 60178 for approximately eighteen months during which time he paid the mortgage and tax payments, made repairs to the residence, considered the residence as his own and intended to purchase the residence at some time in the future. In making that argument, however, defendant failed to cite any legal authority establishing that a real party in interest under an insurance policy is defined by occupancy of the insured residence in lieu of the named individual party to the insurance contract. Since the general rule is that the citizenship of the real party in interest is determinative in deciding whether the district court has diversity jurisdiction, <u>Betar v. De Havilland Aircraft of Canada, Ltd.</u>, 603 F.2d 30, 32 (7th Cir. 1979), and since the residence insured by the policy in question was owned by and insured under the name of Sharon Valentine, this court denied defendant's motion to dismiss for lack of jurisdiction.

## STANDARD OF REVIEW

Rule 19(a) lists the criteria for determining whether an absent party should be joined if feasible. Schaffer is such a party if (1) the court cannot accord complete relief to those already parties or (2) disposition of this action will as a practical matter impair Schaffer's ability to protect his

interest or leave those already parties to this action subject to a substantial risk of incurring multiple or inconsistent obligations. Fed.R.Civ.P. 19(a). In reviewing the claims of both sides, this court finds that Schaffer's absence subjects defendant to a substantial risk of incurring inconsistent obligations. As a result, Schaffer should be joined to this lawsuit.

When the joinder of an absent party would destroy diversity jurisdiction, as would be the case here, Rule 19(a) is inapplicable. Krueger v. Cartwright, 996 F.2d 928, 932 (7th Cir. 1993)(citations omitted). Under such circumstances, this court must then determine under Rule 19(b) whether, in equity and good conscience, the action should proceed among the parties before it or should be dismissed because the absent person is indispensable. Pasco Intern. (London) Ltd. v. Stenograph Corp., 637 F.2d 496, 500 (7th Cir. 1980). Rule 19(b) sets out four factors to guide this court's judgment: (1) to extent to which a judgment rendered in the person's absence might be prejudicial to him or those already parties; (2) the extent to which the prejudice can be lessened or avoided by protective provisions in the judgment, by the shaping of relief, or by other measures; (3) the extent to which a judgment rendered in the person's absence will be adequate; and (4) the extent to which the plaintiff will have an adequate remedy if the action is dismissed for non-joinder.

## ANALYSIS

In arguing that Schaffer is an indispensable party, defendant state that the plaintiff sustained a loss on August 14, 2000, to the subject residence at 12979 Whipple Road and thereafter submitted a claim to the defendant. During the investigation of the claim, defendant determined that the loss was caused by an arson fire and assert the affirmative defense that the entire insurance policy is void. In making its defense, defendants allege that either plaintiff or Schaffer or both knowingly and with intent to commit fraud concealed or misrepresented material factsor circumstances relating to the

insurance loss in question. Since it is undisputed that Schaffer was a permanent resident of the insured location at the time of the loss, defendant concludes that Schaffer is a necessary party to this action such that this single litigation can bring about complete resolution.

A careful application of the Rule 19(b) factors compels the conclusion that Schaffer is an indispensable party to this complaint and that this complaint should be dismissed for non-joiner. A judgment rendered in Schaffer's absence would be prejudicial to defendant because defendant in its answer have alleged valid affirmative defenses involving Schaffer as a resident of the insured location; protective provisions of a possible judgment would not alleviate defendant's difficulty in defending this case without Schaffer; defendant could be subject to multiple lawsuits since under the insurance policy Schaffer could institute an action in Illinois state court; and the plaintiff does have an adequate remedy if the action is dismissed for non-joinder in the Illinois State court system.

Plaintiff argues that Schaffer is not an insured under the policy and therefore not indispensable to this action, since Sharon Valentine is the named insured and since this court already held that Sharon Valentine was the real party in interest. As discussed earlier, in ruling that Sharon Valentine was the real party in interest, this court ruled upon a motion to dismiss for lack of jurisdiction, and in ruling on the motion to dismiss, neither side found it necessary to include with the motion to dismiss a copy of the insurance policy at issue. Accordingly, based solely on the allegations of the complaint, Sharon Valentine was the only real party in interest at that time.

Now in opposition to the joining Schaffer, plaintiff included a copy of the insurance policy at issue, after a specific request from this court that a copy be included, and upon review of the insurance policy at issue, this court finds that Schaffer is an insured under the policy as a permanent resident of the insured location and therefore an additional real party in interest.

4

The policy provides: "9. Insured - means you and the following persons if permanent residents of your household: a. relatives, b. anyone under the age of 21 . . ." (Policy, Definitions, p.3 ¶9). It is undisputed in this litigation that Schaffer was a permanent resident of the insured location 12979 Whipple Road, Sycamore, Illinois 60178. The question is whether Schaffer was a member of the household under the insurance policy. Defendant argues that the term "household" includes people who live together in the same house at 12979 Whipple Road. Plaintiff argues that the term "household" means Sharon Valentine's household specifically and since Sharon Valentine did not live at 12979 Whipple Road but lived in Texas only those who lived with Sharon Valentine in Texas can be considered part of her household and thereby insured under the insurance policy. Plaintiff asserts that since Sharon Valentine and Schaffer were not permanent residents of the same household, Schaffer cannot be an insured under the insurance policy.

Under Illinois law, a contract is to be construed strictly against the drafter. Liautaud v. Liautaud, 221 F.3d 981, 986 (7th Cir. 2000)(citations omitted). When a valid contract exists, the proper interpretation of any disputed terms in that contract is a question of law for the court to determine. Florida East Coast Ry. Co. v. CSX Transp., Inc., 42 F.3d 1125, 1128 (7th Cir.1994). In this case, the contract is silent as to the scope of the word "household" because the policy assumes that the named insured would establish a household at the insured location. Even though, the contract is silent as to the scope of the word "household," the term "household" is not ambiguous. Accordingly, giving clear and unambiguous terms in the contract their ordinary and natural meaning, CSX Transp., Inc. v. Chicago and North Western Transp. Co., Inc., 62 F.3d 185, 190 (7th Cir. 1995), the term "household" appears to mean a collective body of persons residing under one roof. See e.g., Neidhoefer v. Automobile Ins. Co. of Hartford, Conn., 182 F.2d 269, 272 (7th Cir. 1950).

According the term "household" its ordinary and natural meaning, however, does not answer the scope to which the term "household" applies.

Where a contract is silent as one of its terms, the analysis of interpreting a contract begins with the language of the contract itself. If the language unambiguously answers the question at issue, the inquiry is over. Emergency Medical Care, Inc. v. Marion Medical Hospital, 94 F.3d 1059, 1060-61 (7th Cir.1996) (citations omitted) (interpreting Illinois law). Accordingly, in reading the contract as a whole, giving meaning and effect to each provision, in order to derive the intentions of the parties, see e.g., WCC Funding Ltd. v. GAN International, 871 F.Supp. 1017, 1024 (N.D.Ill.1994), it is clear that the intention of the parties was that the defendant would provide insurance at 12979 Whipple Road which the contract defines as the insured location or the residence premises, and that the defendant would provide insurance on the resident premises to the named insured person and to unnamed, unspecified other individuals, if those individuals were permanent residents and relatives or permanent residents and under the age of 21. Accordingly, this court finds it illogical, plaintiff's position, that the intention of the parties would be for the defendant to provide insurance coverage on a Illinois residence to persons who live together in the same house in Texas if they are related to the insured or under the age of 21. So based on the language of the contract it must be that the parties fully intended for the defendant to provide insurance coverage for those persons living permanently at the insured location who were relatives of Sharon Valentine or under 21 years of age. Accordingly, since it is undisputed the Schaffer was a Sharon Valentine's son and made his permanent residence at 12979 Whipple Road, this court finds Schaffer an insured under the policy and thereby an indispensable party to this litigation.

## CONCLUSION

For all the reasons stated, this court finds in equity and in good conscience that Schaffer is an indispensable party to this complaint. Defendant's motion to add Schaffer is granted and this case is dismissed with prejudice for non-joinder of a party. All previous dates are stricken. All other pending motions are moot.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: August 16, 2002

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

| | |
|---|---|
| SCHAFFER | **JUDGMENT IN A CIVIL CASE** |
| v. | Case Number: 02 C 34 |
| ILLINOIS FARMERS INSURANCE CO | |

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this court finds in equity and in good conscience that David Schaffer is an indispensable party to this complaint. Defendant's motion to add David Schaffer is granted and this case is dismissed with prejudice for non-joinder of a party. All previously set dates are stricken. All other pending motions are moot.

Michael W. Dobbins, Clerk of Court

Date: 8/16/2002

J. Smith, Deputy Clerk